UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BELLA VISTA ANSONIA, LLC, 153 MAIN ST BELLA VISTA LLC, BELLA VISTA KENTUCKY I, LLC, BELLA VISTA KENTUCKY II, LLC<br><br>Plaintiffs,<br><br>v.<br><br>VASILIOS LEFKADITIS<br>Defendant. | Case No:<br><br>**COMPLAINT** |

Plaintiffs Bella Vista Ansonia LLC ("BVA"), 153 Main St Bella Vista LLC ("153 Main") Bella Vista Kentucky I, LLC ("BVKI"), and Bella Vista Kentucky II, LLC ("BVKII")(individual a "Plaintiff" and collectively "Plaintiffs"), by and through their undersigned attorneys, by way of this Complaint against Vasilios Lefkaditis ("Defendant"), allege on personal knowledge as to its own actions and on information and belief as to all other allegations, as follows:

### NATURE OF THE ACTION

1. This is a breach of contract action stemming from an enforceable settlement agreement entered into by the parties. Plaintiffs bring this action for compensatory damages, interests, costs, and attorneys' fees against Defendant, and to enforce that certain settlement agreement that the parties entered into. The Defendant now seeks to disavow and renege on the parties' settlement agreement, despite his partial performance.

### PARTIES

2. Plaintiff BVA is a Delaware limited liability company having a principal office at 29 Valley Drive, #5244, Greenwich, Connecticut, 06831.

3. Plaintiff 153 Main is a Connecticut limited liability company having a principal place of business at 29 Valley Drive, #5244, Greenwich, CT 06831.

4. Plaintiff BVKI is a Kentucky limited liability company having a principal office at 1409 Broadway Street, Paducah, Kentucky 42001.

5. Plaintiff BVKII is a Kentucky limited liability company having a principal office at 1409 Broadway Street, Paducah, Kentucky 42001.

6. Defendant is an adult individual who is domiciled at 195 West Road, Berne, New York 12023. Accordingly, Defendant is a citizen of the State of New York.

7. Defendant is the managing member of Shaw Growth Ventures, Inc. ("Shaw Growth"). Shaw Growth is a member of the BVA and 153 Main.

## JURISDICTION AND VENUE

8. There is complete diversity of citizenship in this action between Plaintiff and the Defendant who are citizens of different states.

9. The amount in controversy in this matter is in excess of $75,000, exclusive of attorneys' fees and costs.

10. Accordingly, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) or (a)(2).

11. Pursuant to 28 U.S.C. §1391(a)(1) and (2), venue is also proper in this Court because Defendant resides in New York.

## FACTUAL BACKGROUND

12. This action involves an enforceable settlement agreement that was entered into by the parties, which the Defendant refuses to execute and abide by its terms despite partial performance.

13. The Plaintiffs, the Defendant and other business entities and other individuals held a number of business interests of varying degree of relationship including as shareholders of

corporations and members and managers of limited liability companies. The business interests were of differing degrees of ownership and involved business entities organized and located in different jurisdictions.

14. During 2024 there was increasing disharmony among many of the interested parties leading to negotiations to disentangle the business relationships.

15. Upon information and belief, the parties began settlement negotiations on or about June 2024, which culminated in an enforceable settlement agreement, as part of a global resolution of a plan to disentangle the business interests.

16. The global resolution agreed upon by the parties was to facilitate a full separation and a business divorce, and to resolve the disputes between the parties.

17. The parties agreed that the global resolution would be facilitated by separate settlement agreements given the various affiliated entities, property, and issues involved.

18. On or about August 5, 2024, the first enforceable settlement agreement ("First Settlement Agreement") was executed along with corresponding settlement documents and releases.

19. On or about August 19, 2024, the second enforceable settlement agreement ("Second Settlement Agreement") was executed along with corresponding settlement documents and releases.

20. The parties agreed that the third settlement agreement ("Third Settlement Agreement") would be executed, and the parties began performance of the terms of the agreed upon settlement reached.

21. The Plaintiffs followed up with the Defendant on numerous occasions for purposes of executing the enforceable Third Settlement Agreement.

22. The Defendant advised on numerous occasions that its counsel was drafting the Third Settlement Agreement and that it would be drafted and circulated for the parties' review and execution as soon as possible.

23. The terms of the enforceable Third Settlement Agreement were agreed upon by the parties orally and in writing and consisted of the following:

- Shaw Growth takes full ownership of BVA and 153 Main effective 1/1/24;
- Defendant secures the requisite property management for the properties owned by BVA and 153 Main;
- Defendant removes Englantina Gega ("Mrs. Gega") as guarantor and sponsor on the construction loan that matures 9/30/24;
- Defendant secures any requisite refinancing for BVA and 153 Main as full owner of the entities and properties;
- 955,000 in BVA's bank account will be equally distributed to its members as agreed upon by full consent;
- Mrs. Gega will resign from BVA and 153 Main effective 12/31/23;
- Mrs. Gega will take full ownership of BVKI and BVKII effective 1/1/24;
- All other parties will resign from BVKI and BVKII effective 12/31/23;
- Ms. Gega secures the requisite property management for the properties owned by BVKI and BVKII.

24. In the interim, the parties began performing and operating under the terms of the enforceable Third Settlement Agreement.

25. Specifically, upon information and belief, and in accordance with the terms of the enforceable Third Settlement Agreement, Defendant took over the efforts to remove the current guarantor of the BVA construction loan, and to obtain any refinancing as the sole guarantor, consistent with the parties' agreement that Shaw Growth would take full ownership of BVA and 153 Main effective January 1, 2024.

26. Upon information and belief, Defendant also began performing by undertaking efforts to solely manage the properties owned by BVA and 153 Main Street, in accordance with the agreed upon enforceable terms that Defendant would manage the BVA properties.

27. Upon information and belief, the Defendant intentionally postured and delayed circulating the Third Settlement Agreement in bad faith.

28. Despite the performance under the enforceable Third Settlement Agreement, as well as the execution and closing of the First and Second Settlement Agreements, Defendant has now sought to disavow that the parties are bound by the Third Settlement Agreement and would like to renege on the terms.

29. Upon information and belief, Defendant refuses to proceed with the execution of the Third Settlement Agreement, and has further advised that he does not seek to honor the parties' enforceable settlement agreement.

30. Upon information and belief, Defendant has breached the terms of the Third Settlement Agreement by interfering with the management and operation of BVKI, and BVKII, and each of their respective properties.

31. Upon information and belief, Defendant seeks to breach the terms of the Third Settlement Agreement by extending the loan and not removing Mrs. Gega as the sponsor and guarantor of the loan, that matures on 9/30/24, for BVA and 153 Main.

32. Upon information and belief, Defendant seeks to cause harm to BVA and 153 Main by securing refinancing in the future, only to then pocket millions of dollars.

33. Upon information and belief, Defendant has breached the enforceable Third Settlement Agreement by seeking to extend the current construction loan, refusing to take full ownership of BVA and 153 Main, and by further refusing full ownership interests to Mrs. Gega for BVKI and BVKII.

34. Upon information and belief, the refinancing and extension sought by the Defendant with respect to BVA and 153 Main, stands to damage the entities significantly, given

the costs to refinance and/or the costs to extend the current loan and refusal to remove Mrs. Gega as a sponsor and/or guarantor of the loan.

35. Upon information and belief, Defendant taking over management duties of the properties owned by BVA and 153 Main is indicative of performance under the terms of the enforceable Third Settlement Agreement.

36. Upon information and belief, Defendant has breached the terms of the enforceable Third Settlement Agreement by refusing to relinquish his interest in the entities BVKI and BVKII, and to take full ownership of BVA and 153 Main.

37. Upon information and belief, Defendant has breached the terms of the Third Enforceable Settlement Agreement by refusing to execute a final written document despite the enforceable terms agreed upon by the parties with respect to the Third Settlement Agreement.

## COUNT I
**(Breach of Contract)**

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. On or about July 2024, the parties entered into the Third Enforceable Settlement Agreement with agreed upon terms.

40. The parties' enforceable settlement agreement was agreed upon verbally and in writing.

41. Upon information and belief, Defendant has breached the terms of the enforceable Third Settlement Agreement.

42. Upon information and belief, despite the Defendant's actions and initial performance in accordance with the terms of the enforceable settlement agreement, Defendant seeks to breach the enforceable settlement agreement.

43. Upon information and belief, Plaintiffs have suffered damages as a result of the Defendant's breach of the Third Settlement Agreement and his refusal to execute the requisite documents associated with the enforceable Third Settlement Agreement.

44. Upon information and belief, as a result of the Defendant's failure to abide by the terms of the Third Settlement Agreement, the Plaintiffs have been damaged in excess of $75,000.

45. Upon information and belief, Defendant is liable for attorneys' fees and costs, incurred and to be incurred by Plaintiffs in connection with action.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and against the Defendant for compensatory damages and enforce the terms of the Third Settlement Agreement, in an amount in excess of $75,000, plus continuing pre-judgment interest thereon, and such further and other relief as the Court determines is just and appropriate.

Respectfully submitted,

Dated: New York, New York
September 25, 2024

**WHITE AND WILLIAMS LLP**

BY: _____
Agatha Mingos, Esq.
810 Seventh Avenue, Suite 500
New York, NY 10019
Phone: 212.631.4438
*Attorneys for Plaintiffs.*